**Robert Wallace HUBER, Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

No. C5–85–1390.

Court of Appeals of Minnesota.

March 11, 1986.

Lucy A. Wieland, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., M. Jacqueline Regis, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by LESLIE, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant Commissioner of Public Safety revoked respondent's driving privileges for refusal to submit to a chemical test of his breath alcohol level. Respondent petitioned for judicial review, and the trial court rescinded the revocation. The Commissioner appeals. We affirm.

## FACTS

On February 9, 1985, respondent Robert Huber was arrested and charged with driving while under the influence of alcohol. He was taken to the Hopkins Police Station, where he agreed to take a breath test. Officer Tony Hanlin, a certified Intoxilyzer operator, administered the test to respondent. Officer Hanlin instructed respondent on how to blow into the Intoxilyzer. On his first attempt, respondent blew forcefully into the Intoxilyzer, but for only a short period of time. Officer Hanlin told respondent that he must continue to blow into the machine until instructed to stop blowing by the officer. Respondent repeated his attempt two additional times. Each of the three times he blew forcefully, but stopped blowing before the officer instructed him to stop.

After respondent's third attempt, Officer Hanlin terminated the test. At the implied consent hearing, Officer Hanlin testified that he discontinued the breath test because he felt respondent was "playing games" and had no intention of giving a good test. Because Officer Hanlin certified to appellant that respondent had refused to submit to the Intoxilyzer test, appellant revoked respondent's driving privileges as mandated by statute. *See* Minn.Stat. § 169.123, subd. 4 (1984).

The Intoxilyzer gives a person taking the test four minutes within which to provide an adequate breath sample. At the end of the four minute cycle, the machine records the breath alcohol value if an adequate breath sample was received. If, after four minutes, the machine has not received enough breath for an adequate sample, the machine indicates that the sample was deficient. When Officer Hanlin terminated the test, less than four minutes had elapsed since beginning the test. Consequently, the Intoxilyzer did not indicate whether the

breath samples obtained were either adequate or deficient. Officer Hanlin did not conduct a calibration standard analysis.

The trial court concluded that where the breath test was terminated prior to the expiration of the four-minute sample sequence, where the test record did not indicate that respondent provided a deficient sample, and where no calibration standard analysis was conducted, appellant had not shown by a fair preponderance of the evidence that respondent had refused testing. The trial court therefore rescinded the revocation of respondent's driving privileges.

## ISSUE

Does an administering officer's subjective determination that a person has refused testing show conclusively that a refusal has occurred?

## ANALYSIS

The issue presented by this case has recently been addressed and answered by this court in two cases that were consolidated for appeal. *See Genia v. Commissioner of Public Safety,* 382 N.W.2d 284 (Minn.Ct.App.1986). We held there that under the statutory scheme governing the use of the Intoxilyzer, the driver is entitled to the full four minutes provided by the machine's internal cycle so the machine can determine the adequacy of the breath sample provided. *See* Minn.Stat. § 169.123, subd. 2b (1984). The statute makes it clear that the Intoxilyzer, not the police officer, is to determine the adequacy of a breath sample. *Id.* The holding in *Genia* is equally applicable here.

## DECISION

The trial court correctly found that the Intoxilyzer operator's subjective decision that respondent refused breath testing, made prior to the running of the four-minute period allowed for taking the samples, does not show a refusal under the statute.

Affirmed.