John Patrick **COLE**, Petitioner, Appellant,

v.

**COMMISSIONER OF PUBLIC SAFETY**, Respondent.

No. C4–95–507.

Court of Appeals of Minnesota.

Aug. 8, 1995.

Jeffrey B. Ring, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by CRIPPEN, P.J., and HUSPENI and KALITOWSKI, JJ.

## OPINION

CRIPPEN, Judge.

The trial court having sustained the revocation of his driving privileges based on the conclusion that he refused to submit a breath test, appellant John Cole contends that he did not refuse but instead failed to provide an adequate second breath sample because the attending officer denied his access to the Intoxilyzer machine for a significant part of the four-minute test cycle. We affirm, concluding that appellant had a reasonable opportunity to blow into the machine.

## FACTS

Appellant was arrested for driving under the influence of alcohol after a Coon Rapids police officer observed unlawful driving activity. Finding indications that appellant was intoxicated, the officer took him to the Coon Rapids police station and read the implied consent advisory. He consented to a breath test.

The arresting officer testified that the Intoxilyzer 5000 was working properly, that nothing appeared to be blocking the machine, and that appellant seemed physically capable of providing a breath sample. Likewise, appellant testified that he was in good physical shape and that he suffered from no disability that might prevent him from giving an adequate sample.

Appellant had some trouble rendering the first sample. Initially, the officer suspected him of feigning compliance or "malingering" to avoid compliance, but appellant eventually registered an adequate first sample within the first four-minute cycle. The officer performed the calibration standard and, as an additional ·precaution, replaced the mouthpiece on the Intoxilyzer 5000 before Cole attempted the second sample. He testified that the machine appeared to be functioning properly and that he observed no obstruction in the mouthpiece. Appellant then blew "as hard as he could," but the officer detected no audible sound of air passing into the machine.

The officer replaced the mouthpiece two more times and gave appellant several opportunities to provide a sample. Appellant testified that he was allowed approximately 15 seconds each time to blow into the machine. After blowing into the third mouthpiece for about 10–15 seconds, the four-minute sample period expired, and the officer informed appellant that his failure to provide two adequate samples constituted a refusal to take a test.

Appellant contends on appeal that he failed to provide an adequate second breath sample because he only had access to the Intoxilyzer for approximately sixty seconds out of the allotted four minutes.

## ISSUE

Has a driver constructively refused to submit to a breath test if the driver fails to provide an adequate second breath sample in circumstances where much of the allotted four minutes to give a sample is expended to permit changing of mouthpieces and examining the machine for obstructions?

## ANALYSIS

*Standard of review:*

We are to apply the clearly erroneous standard of review to the trial court's findings of fact. Minn.R.Civ.P. 52.01. But the facts in this case are largely undisputed, and we must independently determine if the trial court erroneously applied the law to the

facts. *Berge v. Commissioner of Pub. Safety,* 374 N.W.2d 730, 732 (Minn.1985).

### *Legal standard*

When a person arrested for driving under the influence of alcohol submits to an Intoxilyzer 5000 test, Minnesota machine operators allow the person two four-minute periods to produce two separate, adequate breath samples. *Genia v. Commissioner of Pub. Safety,* 382 N.W.2d 284, 286 (Minn.App.1986); *see also* Minn.R. 7502.0430, subp. 1 (1993). The Bureau of Criminal Apprehension apparently chose the four-minute sample period "because it allows drivers enough time to attempt an adequate sample but is not so long as to be unreasonable." *Genia,* 382 N.W.2d at 286. Failure to produce "two separate, adequate breath samples constitutes a refusal, unless the failure is the result of physical inability to provide a sample." Minn. R. 7502.0430, subp. 1; *see also* Minn.Stat. § 169.123, subd. 2b(c) (1994).

■ Once the Intoxilyzer test begins, the officer may not terminate the testing before the machine signals the expiration of each four-minute period. *Johnson v. Commissioner of Pub. Safety,* 400 N.W.2d 195, 198 (Minn.App.1987), *pet. for rev. denied* (Minn. Apr. 17, 1987); *Huber v. Commissioner of Pub. Safety,* 382 N.W.2d 573, 575 (Minn.App. 1986); *Genia,* 382 N.W.2d at 286. The machine must be allowed to complete two four-minute cycles so that the machine, rather than the operator, determines the adequacy of a breath sample. *Johnson,* 400 N.W.2d at 198; *Genia,* 382 N.W.2d at 286. Thus, the primary thrust of the caselaw is to protect drivers from an officer's deliberate attempt to terminate the testing procedure before the expiration of the four-minute period.

■ The prior decisions do not address the situation where part of the four-minute time period was lost due to the officer's administrative efforts or where nothing in the record suggests that the delay was caused by the officer's decision to terminate the testing. Appellant had the benefit of a four-minute opportunity even though the offi-cer used much of the time changing the mouthpiece and examining the machine.[1]

As the trial court observed, it would be wrong to conclude that "every time the officer interrupts a person's attempt at blowing to give further instructions, the officer would be unlawfully depriving the petitioner of his full four minutes in which to blow." Likewise, as the trial court also noted,

> *Johnson* does not require that the officer keep the mouthpiece in the subject's mouth for the entire four-minute period. * * * [T]he four-minute period gives a person a reasonable amount of time to provide an adequate sample and includes time for interruptions for further instructions, listening to arguments, answering questions, changing mouthpieces, and anything else that could happen during that time period.

No doubt an officer's major interruptions may constitute deprivation of the driver's opportunity to give a breath sample. It would be improper to conclude that a sample has been refused if the driver is not left with reasonable access to the machine. But the record shows that appellant had at least three significant opportunities to blow into the Intoxilyzer. Given this fact, the officer provided appellant a reasonable opportunity to produce a sample.[2]

### DECISION

The trial court properly sustained the revocation of appellant's driving privileges on the basis that he had "constructively refused" to submit to a test because he failed to provide two adequate breath samples.

**Affirmed.**

---

1. There is no evidence in the record that the police officer did consume three minutes of the four-minute period changing mouthpieces.

2. We note that appellant was able to produce an adequate first sample. That this was his second attempt is also indicative of the reasonableness of his opportunity to produce a sample.